## Zotter v. Stissi

*Thomas W. Murphy,* for plaintiffs.
*Hugh A. Donaghue,* for defendants.

BRADLEY, *J.,* March 11, 1993—Plaintiffs, Rudolph and Sharma Zotter, husband and wife, filed a complaint for compensatory and punitive damages resulting from an assault committed on Mr. Zotter at the premises of defendant, New York Pastry Shop, Inc. Mr. Zotter was employed by that corporation as a baker when the assault was allegedly committed by defendant, Anthony Stissi, husband of defendant, Jean Stissi, who operates the bakery corporation. The status of Mr. Stissi is unclear from the pleadings.

Defendants filed preliminary objections to the complaint averring that the exclusivity provisions of the Workers' Compensation Act deprive this court of jurisdiction over the subject matter. This court sustained the preliminary objections of defendants, Jean Stissi and New York Pastry Shop, Inc. only, and dismissed the complaint with prejudice as barred by sections 481(a) and (b) of the Workers' Compensation Act, 77 P.S. §481. Plaintiffs appealed.

Sections 481(a) and (b) of the Workers' Compensation Act, 77 P.S. §481(a) and (b) provide the sole remedy for injuries occurring within the course and scope of employment and preclude common law actions against employers and co-employees for injuries incurred during the course and within the scope of employment, whether negligently or intentionally inflicted. There are only two exceptions to the exclusivity provisions of section 303(a) of the Workers' Compensation Act, 77 P.S. §481. They are:

"(1) an intentional assault upon an employee for reasons *personal* to the actor and unrelated to the employer's business, see *Shaffer v. Procter & Gamble,* 412 Pa. Super.

630, 604 A.2d 289 (1992); *Dunn v. Warhole,* 778 F. Supp. 242 (E.D. Pa. 1991); *Schweitzer v. Rockwell International,* 402 Pa. Super. 34, 586 A.2d 383 (1990); or

"(2) an intentional and fraudulent withholding by an employer of knowledge of a work-related injury such as asbestosis *where that withholding* of information precludes the employee from timely seeking medical treatment."

Clearly exception two is not implicated in this matter. Plaintiffs appear to rely on the first exception. That exception, however, is not applicable either. In paragraphs three and six of plaintiffs' response to defendants' preliminary objections, plaintiffs state that Mr. Stissi assaulted Mr. Zotter after Zotter fell while carrying a 100 pound sack of flour. During the assault, Mr. Stissi was cursing and yelling that he would not allow Zotter to file a workers' compensation claim due to the fall, thereby making the bakery's insurance premiums rise. Accepting plaintiffs' allegations as true, it is clear that Stissi's intentional assault upon Zotter was not for reasons purely personal to Stissi and unrelated to the bakery. 77 P.S. §411(1). It was precisely because of Zotter's employment status that the alleged assault occurred. Thus, the complaint against Jean Stissi and New York Pastry Shop, Inc. does not fall within the exception described above.

For the foregoing reasons, plaintiffs' complaint was dismissed with prejudice as to defendants, Jean Stissi and New York Pastry Shop, Inc., as barred by section 481(a) and (b) of the Workers' Compensation Act, 77 P.S. §481. Defendant, Anthony Stissi, was ordered to file an answer within 20 days.