# Kuhn v. Oehme Carrier Corp.

*Catharine I. Roland,* for plaintiff.

*Susan R. Friedman* and *Gary D. Melchionni,* for defendant.

ASHWORTH, *J.,* August 28, 2003—Plaintiff Lori L. Lewis commenced this action by filing a complaint on December 17, 2002, against defendant Oehme Carrier Corp. and a former employee of Oehme, John Green. Plaintiff was also a former employee of Oehme.

The complaint alleged three counts against Oehme. The first count of the complaint asserted that Oehme violated the Pennsylvania Human Relations Act (PHRA), 43 Pa.C.S. §951 et seq. The second count of the complaint alleges that Oehme wrongfully terminated plaintiff. Count III is couched in negligence, essentially claiming that, inter alia, Oehme failed to investigate adequately plaintiff's complaints of sexual harassment by Green, failed to take necessary affirmative steps to stop the harassment, and failed to take affirmative steps to remove Green from contact with plaintiff. (Complaint, par. 82.)

The complaint also contained two counts against Green, with Count IV of the complaint alleging assault and battery and Count V asserting invasion of privacy. Remedially, plaintiff sought an award of past and future

wages, compensatory damages and punitive damages, and plaintiff requested a jury trial.

In response to the complaint, Oehme filed preliminary objections on January 2, 2003. After receiving the objections, plaintiff filed an amended complaint on or about February 11, 2003. The amended complaint dropped Green as a defendant in the case, thereby eliminating Counts IV and V. Count I of the complaint also had a substantial modification, as the basis for the claim went from the PHRA to the County of Lancaster ordinance no. 30. Counts II and III of the amended complaint are essentially unchanged. Plaintiff also is no longer seeking a jury trial.[1]

Defendant Oehme then filed preliminary objections to the amended complaint, ostensibly to raise four issues: (1) whether the absence of a private right of action under ordinance no. 30 bars plaintiff's claim in Count I; (2) whether Count II alleging wrongful discharge is preempted by the PHRA and should be dismissed; (3) whether Count II alleging discriminatory and retaliatory termination suffices to state a claim upon which relief can be granted; and (4) whether Count III alleging negligence is preempted by the PHRA and the Pennsylvania Workers' Compensation Act and therefore should be dismissed.

---

1. Plaintiff has filed a complaint in federal court on December 18, 2002. The first two claims in the federal complaint are predicated on title VII of the Civil Rights Act of 1964, while Count III is a claim under the PHRA for sexual harassment. Counts IV and V are common-law claims based on theories of negligence and wrongful termination. The sixth and seventh counts were brought against Green personally for assault and battery and invasion of privacy.

By way of factual background, plaintiff was hired as a truck driver by defendant on or about June 18, 1998. Plaintiff alleges that from the date of her hiring until approximately July 19, 2000, the date she was fired from defendant's employ, she was subjected continuously to unwelcome sexual touching, advances, overtures, and comments by Green. The allegations are quite graphic and too numerous to mention, but it suffices to say that Green allegedly grabbed and kissed plaintiff, he asked to perform numerous sexual acts with her, and on at least one occasion he allegedly unzipped her pants and masturbated on her. (Complaint, par. 14.) Plaintiff complained about Green's conduct to her supervisors, and her complaints allegedly were ignored.

On July 19, 2000, plaintiff drove her truck to Pet Value in Langhorne, Pennsylvania, and requested directions to her next pick-up point. Plaintiff could not find the pick-up point, and she allegedly called defendant's home office three times for additional directions. She also requested a phone number for her pick-up point to try to get directions from them directly.

Plaintiff alleges that she was provided with an incorrect telephone number for her next pick-up point by defendant, and then she attempted to call directory assistance to try to get directions. The road signs, however, apparently did not correspond with the directions she received, and plaintiff could not locate the pick-up point. Oehme told her to return to the office, and when plaintiff returned with an empty trailer she was terminated.

Plaintiff alleges that defendant does not have a policy of terminating for returning with an empty trailer; rather, the typical "discipline" for returning with an empty trailer

is to not pay the driver for the return trip. Plaintiff further avers that the reason she was terminated from employment by defendant was because of her complaints of sexual harassment.

Plaintiff then filed a complaint with the Lancaster County Human Relations Commission (LCHRC) alleging that plaintiff was fired based on gender and in retaliation for certain complaints lodged. After reviewing the information and evidence received, the LCHRC issued a "Notice of right to sue" which made a finding of probable cause. The accompanying letter provided by the LCHRC states that "[a]t this point the commission will turn the case over to complainant's legal counsel for pursuit of court action per complainant's request." (Amended complaint, exhibit "A," letter from Lancaster County Human Relations Commission dated 7/23/02.)

The first legal issue presented by the preliminary objections is whether the absence of a private cause of action under ordinance no. 30 bars plaintiff's claim in Count I. More specifically, plaintiff elected to bring Count I of the complaint under ordinance no. 30, section 8(a) against Oehme under the doctrine of respondeat superior because the "acts, failures to act, practices and policies of Oehme . . . constitute [a] hostile work environment in violation of the Lancaster County Ordinance No. 30." (Amended complaint, par. 50.)

Defendant argues in its preliminary objections that unlike other local civil rights ordinances, ordinance no. 30 does not authorize plaintiff to pursue a private cause of action. The only authority granted under ordinance no. 30 is to secure enforcement of an order of the LCHRC or other appropriate relief. Here, however, there was no

order that was issued by the LCHRC; rather, all that was done was an initial finding of probable cause. The failure to exhaust the administrative process, defendant opines, is fatal to this claim.

Procedurally, section 14(d) of ordinance no. 30 provides for the LCHRC to make a threshold determination as to whether probable cause exists for the allegations in the initial complaint. If the LCHRC is then subsequently unsuccessful in eliminating the unlawful practice, then section 14(e) authorizes a hearing on the issue to determine whether the unlawful conduct has in fact occurred. In the event the LCHRC finds that the unlawful practice did occur, then the LCHRC has the authority to issue a remedial order against the respondent.

Section 16 of ordinance no. 30 creates procedures for enforcing the order and states that a complainant "may secure enforcement of the order of the commission or other appropriate relief." Worth noting is the fact that at no point in section 16 does ordinance no. 30 permit a private cause of action absent an order from the commission.

Another provision clearly relevant to the disposition of this issue is section 2.74 of the Regulation and Rules of Administrative Practice of the LCHRC. Section 2.74 is entitled "Notice of right to bring an action in the court of common pleas" and provides as follows:

"On the dismissal of a complaint, the denial of a request for reconsideration, the dismissal of a complaint after reconsideration or the expiration of a statutory period set forth in the ordinance, if the commission has not yet entered into a conciliation agreement to which the

complainant is a party, the commission shall notify the complainant in writing of the right of the complainant to bring an action in the Court of Common Pleas of Lancaster County." *Id.*

Factually, in this case there was no dismissal of the complaint, there was no denial of a request for reconsideration, and ordinance no. 30 does not set forth a "statutory period" during which a complainant may bring a cause of action in the Court of Common Pleas of Lancaster County. The absence of an articulated statutory period effectively renders ordinance no. 30 impotent as it seeks to provide a right, yet fails to provide the temporal prerequisite necessary to confer that authority.

It is axiomatic in an administrative context that a complainant must first exhaust all available administrative remedies under the statutory scheme prior to seeking relief from a court. The comparable state statute, the Pennsylvania Human Relations Act, requires exhaustion. See 43 Pa.C.S. §962(b)-(c); *Clay v. Advanced Computer Applications,* 522 Pa. 86, 90-91, 559 A.2d 917, 919 (1989) (noting that a discharged employee must first look to the procedures available under the PHRA before seeking to commence an action in the courts).

Plaintiff argues that section 2.72 of the regulations, which provides that when an offer of adjustment by a respondent is made that would provide substantially as much relief as could be obtained at a public hearing and the commission finds the offer acceptable but the complainant does not, then the commission may close the case and the complainant may seek redress in the court of common pleas.

However, as correctly noted by defendant in its reply brief, this apparent right is illusory. It does not matter how many different times or how many different ways a "right" may be given if the enabling legislation, in this case ordinance no. 30, provides no procedural mechanisms necessary to enforce such a right.

As further support for this conclusion, this court notes that the case of *Brown v. Grinnell Corp.,* 76 Lanc. L. Rev. 520 (1999), decided by the Honorable Lewis J. Farina of this court, disposes of the issue based on the doctrine of law of the case. *Brown* likewise dealt with ordinance no. 30 as it pertained to allegedly unlawful disability discrimination. The plaintiff there brought a claim against the defendant in the court of common pleas while a similarly styled complaint was pending before the LCHRC. After reviewing the facts and gathering some evidence, the LCHRC sent the plaintiff a right to sue letter notifying him he was free to bring an action in the court of common pleas.

Judge Farina concluded that the private cause of action was not authorized by ordinance no. 30, and he further held that neither the existing Lancaster County regulations nor the PHRA provided an implied right to bring such an action. Ultimately, the opinion upheld the defendant's preliminary objection in the nature of a demurrer and dismissed the plaintiff's complaint.

This court sees no reason to depart from Judge Farina's ruling, based both on principles of judicial comity as well as his sound reasoning. Moreover, the so-called "rule of coordinate jurisdiction," a subset of the law of the case doctrine, suggests that a judge may not lightly overrule the prior decision of another judge of the same

court. *Gerrow v. John Royle & Sons,* 572 Pa. 134, 813 A.2d 778 (2002).[2] Simply stated, ordinance no. 30 does not provide a mechanism for a private cause of action as presently drafted and that is fatal to plaintiff's claim.

Plaintiff's attempts to distinguish *Brown* are unpersuasive. The factual differences between the cases are entirely irrelevant; the fundamental failure in both cases is with ordinance no. 30 and its failure to provide a private cause of action in this factual scenario. Therefore, Count I of plaintiff's complaint must be stricken.

The second preliminary objection before this court is whether Count II of the complaint, alleging wrongful discharge, should be dismissed because it is preempted by the PHRA or, alternatively, because it fails to state a claim for wrongful discharge under Pennsylvania's employment at-will doctrine.

The PHRA is an exclusive remedy. Common-law actions, such as the one proffered here by plaintiff, are generally barred by the statute. *Clay, supra* at 95, 559 A.2d at 921. The PHRA further requires that any aggrieved party file a complaint with the PHRC initially, which plaintiff did not do in this case. Plaintiff only filed with the LCHRC, eschewing the opportunity to file a similar complaint with the state.

Plaintiff argues strenuously that plaintiff's claim of wrongful discharge is not preempted by the PHRA because plaintiff never availed herself of the PHRA. Plain-

---

2. Although typically the coordinate jurisdiction rule applies to the same case, the same underlying policy considerations apply here given the factual similarities between the pending case and *Brown*.

tiff argues that because she chose not to invoke the PHRA, its exclusivity provisions do not control her case.

Such an argument is counterintuitive. The Pennsylvania Legislature chose to enact a statutory scheme under the PHRA to require certain types of complainants to seek redress first from a commission uniquely equipped to handle the problems and concerns associated with harassment claims. Only after exhausting those remedies may a complainant go to court.

To permit plaintiff's common-law action to proceed when she failed to use the proper mechanisms for seeking redress would render the statutory scheme established as merely permissive rather than mandatory. Such was not the intent of the legislature, and Pennsylvania courts have been quite clear in affirming that point. "[T]he statutory scheme would be frustrated if aggrieved employees were permitted to circumvent the PHRC by simply filing claims in court. This would result in the very sort of burdensome, inefficient, time consuming, and expensive litigation the PHRC was designed to avert, and would substantially undermine the proper role of the PHRC." *Clay, supra* at 92, 559 A.2d at 920. Therefore, Count II of the complaint must be stricken.

Even assuming, arguendo, that plaintiff's claim was not preempted, Count II would necessarily fail because of Pennsylvania's employment-at-will doctrine. Pennsylvania law provides that an employer may terminate an employee for good reason, bad reason or no reason at all. There is a paucity of exceptions to the at-will rule; only in cases where a clear mandate of public policy is threatened will the exceptions be invoked. To fit within the purview of the public policy exception, one of three

scenarios must be met: (1) the employer must require an employee to commit a crime; (2) an employer must prevent an employee from complying with a statutory duty, like jury duty; or (3) a statute prohibits discharge. *Shick v. Shirey,* 456 Pa. Super. 668, 672, 691 A.2d 511, 513 (1997), *reversed on other grounds,* 552 Pa. 590, 716 A.2d 1231 (1998).

Plaintiff argues that ordinance no. 30 and the Pennsylvania Equal Rights Amendment, Article 1, Section 28, specifically permit this case to fall within the third exception.

In rebuttal, defendant cites a considerable amount of case law for the general proposition that courts in Pennsylvania cannot pursue a common-law remedy where a constitutionally adequate statutory scheme exists. After reviewing the relevant case law, this court cannot, as a matter of policy, permit plaintiff to maintain her common-law cause of action for wrongful discharge in light of the mechanisms available to right any grievances alleged. Otherwise, any plaintiff who failed to exercise any available means of administrative redress could circumvent the process and then immediately come to court, entirely obviating the purpose behind the initial legislative grant of authority. *Jacques v. AKZO International Salt Inc.,* 422 Pa. Super. 419, 429, 619 A.2d 748, 753 (1993) (subsequent history omitted) (noting that the PHRA preempts claims for wrongful discharge based on a violation of the public policy against discrimination).

The third preliminary objection addresses Count III in the complaint which asserts a claim of negligence against defendant for a litany of things, including failing to investigate plaintiff's claims, failing to take affirma-

tive steps to stop Green from, inter alia, engaging in sexually inappropriate behavior, and generally failing to establish, promote, and provide a sexual-harassment free workplace environment. Defendant argues that the negligence claim is preempted by the PHRA and, alternatively, the Pennsylvania Workmen's Compensation Act (PWCA).

In plaintiff's federal court complaint, plaintiff asserts a claim against defendant for violating the PHRA. Once a plaintiff asserts a PHRA claim, he or she is barred from making a claim, either civil or criminal, based on the same grievance. 43 Pa.C.S. §962(b). The Western District has held that a claim of negligence that seeks to protect a general interest to be free from sexual discrimination is tantamount to the interest sought to be protected under the PHRA. *Fawcett v. IDS Financial Services Inc.,* no. 85-853, 1986 U.S. Dist. Lexis 30776 at *11 (W.D. Pa. 1986) *(criticized on other grounds).* Defendants argue that the negligence claim essentially seeks to vindicate the same rights as those under the PHRA.

Defendant argues in the alternative that the PWCA bars recovery as the statute provides:

"If disability or death is compensable under this Act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional killing." 77 Pa.C.S. §72.

Typically, the workers' compensation system is intended to be the exclusive forum for aggrieved individuals seeking redress for any workplace injuries. *Kuney v. PMA Insurance Co.,* 525 Pa. 171, 175-76, 578 A.2d 1285,

1287 (1990). There is no dispute that an employee's common-law right to damages suffered within the course and scope of his or her employment are surrendered in exchange for the statutorily provided right for the employee to recover for injuries that occur on the job. Plaintiff's complaint alleges that Green's actions were within the course and scope of his employment with Oehme; therefore, because the PWCA is the exclusive remedy for such injuries, defendant opines that the negligence claim is barred.

Plaintiff responds by noting that the purpose of the PHRA is to set forth actions that constitute unlawful discriminatory practices. Plaintiff asserts that the molestation alleged in this case constitutes assault, and that acts of assault as intentional torts are not preempted by the PHRA, citing *Schweitzer v. Rockwell International,* 402 Pa. Super. 34, 586 A.2d 383 (1990) (subsequent history omitted), as support for her position.

Plaintiff further argues that the PWCA also does not bar the claim in the case of an injury "caused by [the] act of a third person intended to injure the employe[e] because of reasons personal to him and not directed against him as an employee or because of his employment." *Id.* at 50, 586 A.2d at 391 (additional quotation omitted), see 77 Pa.C.S. §444(1).

Plaintiff's arguments again are misplaced. *Schweitzer* was a case where the Superior Court found that the intentional tort of assault did not need to be adjudicated under the PHRA. In this particular case, the allegations as they relate to defendant are couched in negligence terms, namely the failure to appropriately regulate, monitor and discipline the behavior of Green. Green may have

committed assaults; Oehme most certainly did not. Thus, *Schweitzer* is inapposite. This court instead finds the Western District's reasoning in *Fawcett* to be persuasive authority on this point.

Plaintiff's negligence claim is merely another styling of the sexual harassment claim, and, consequently, it falls within the statutory ambit of the PHRA. *Clay, supra.* Therefore, plaintiff's claim for negligence is barred.

Because this court finds that defendant's preemption argument dispositive of Count III, it is unnecessary for this court to opine on the alternative PWCA preemption argument posited by defendant.

Accordingly, this court enters the following order:

## ORDER

And now, August 28, 2003, upon consideration of defendant's preliminary objections and briefs in support thereof, and plaintiff's response and brief in opposition thereto, and oral argument conducted on July 21, 2003, it is hereby ordered and decreed that defendant's preliminary objections are granted and plaintiff's complaint is dismissed with prejudice.