**M & B INN PARTNERS, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PETRIGA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2007.

Decided Jan. 18, 2008.

William E. Wyatt, Jr., Scranton, for petitioner.

Thomas M. Marsilio, Wilkes–Barre, for respondent.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

M & B Inn Partners, Inc. (Employer) petitions for review of the June 11, 2007, order of the Workers' Compensation Appeal Board (WCAB), which affirmed, as modified,[1] the decision of a workers' compensation judge (WCJ) to grant the claim petition filed by Barbara Petriga (Claimant). We affirm.

On May 12, 2003, Claimant filed a claim petition, asserting that she sustained psychological injuries after a guest at Employer's hotel, the Host Inn, physically and verbally accosted her on two occasions while she was working. Employer denied Claimant's allegations, and the matter was assigned to a WCJ. The WCJ's findings may be summarized as follows.

Claimant worked as an administrative assistant at the Host Inn, and while she performed her work duties on March 5, 2003, a guest placed his hand on Claimant's buttocks, lifted her shirt and touched her abdomen; he told Claimant that she was tone and fit and that he would be in his jacuzzi all night. Claimant reported the incident to her manager and was assured that the guest would be removed from the premises. However, the next morning the same guest grabbed Claimant again. Thereafter, a manager told the guest to leave; the police were summoned; and Claimant filed criminal charges against the guest. (Findings of Fact, Nos. 3–4.)

On March 8, 2003, Claimant went to see her family physician, who prescribed a sedative to help Claimant sleep and referred Claimant to Marguerite Mosack, Ph.D., a licensed psychologist, for treat-

---

1. The WCAB modified the WCJ's award to grant Employer credit for temporary total disability paid to Claimant pursuant to a Notice of Temporary Compensation Payable, which Employer subsequently revoked.

ment. On March 10, 2003, Claimant asked Employer about workers' compensation benefits and was sent to Employer's panel physicians; Employer's physicians removed Claimant from work but sent her back to Dr. Mosack for treatment because they did not treat psychological injuries. (Findings of Fact, Nos. 4–5.)

Following these incidents, Claimant began to take anti-anxiety and anti-depressant medications;[2] had nightmares about the assault, which resulted in insomnia and fatigue; had anxiety attacks; lost about forty pounds; was no longer intimate with her fiancé; feared all strangers; and was not gainfully employed. Claimant attempted to return to the Host Inn several times, but each time she was unsuccessful.[3] (Findings of Fact, Nos. 8, 12–13.)

Dr. Mosack initially diagnosed Claimant with post-traumatic stress disorder (PTSD) but changed that diagnosis to chronic PTSD after treating Claimant for over a year without any real improvement. Dr. Mosack prescribed various treatments for Claimant, including anti-anxiety and anti-depressant medication, desensitization and relaxation therapy and assistance from the Victim's Resource Center, which provided, *inter alia,* counselors and support groups for victims of assault. Dr. Mosack opined that Claimant could not return to her former position with Employer because of her panic attacks and that Claimant's state of mind, insomnia and fatigue prevent her from working in any capacity. (Findings of Fact, Nos. 12, 14–15.)

2. Claimant testified that she had no history of psychiatric or psychological problems. (Findings of Fact, No. 6.)

3. Remembering the assault, Claimant would begin to sweat and shake; she experienced difficulty breathing, odd feelings in her stomach and muscle spasms; and, afterwards she developed trembling hands, a migraine headache, irritability and feelings of helplessness. (Findings of Fact, Nos. 12–13.)

Gladys Fenichel, M.D., a psychiatrist who examined Claimant at Employer's request on October 29, 2003, agreed that the incidents at the Host Inn could cause symptoms of anxiety, but she did not believe that they would produce any psychiatric diagnosis or disability or require any work restrictions. (Findings of Fact, Nos. 16–17.) The guest who was Claimant's alleged assailant testified that he was staying at the Host Inn on business when he saw Claimant. The guest did not deny that he told Claimant that she was in good shape, that he poked her and that he tapped her the next morning, but he explained that he considered these minor infractions and that he did not intend to harm Claimant. (Findings of Fact, No. 7.)

Prior to the WCJ's ruling on Claimant's claim petition, Employer filed a motion to dismiss Claimant's claim petition pursuant to section 301(c)(1) of the Workers' Compensation Act (Act),[4] the "personal animus" exception to the Act. Employer based its motion on the guest's testimony and this court's decision in *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole),* 811 A.2d 90 (Pa.Cmwlth.2002) (*Heath I*)[5] (holding that even if a claimant's allegations of sexual harassment at work are true, *any* resulting mental injury is not compensable under the Act because section 301(c)(1) operates to remove any claim for that injury from the purview of the Act), *vacated and remanded,* 580 Pa. 174, 860 A.2d 25 (2004) (*Heath II*).[6] Thus,

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

5. At the time of Employer's motion, *Heath I* had been appealed to our supreme court and oral arguments were scheduled before that court.

6. In *Heath I,* the employer did not raise the personal animus exception; however, reasoning that this issue was jurisdictional, we raised the issue *sua sponte.* On appeal, our

Employer argued that Claimant's psychological injuries were not compensable under the Act because they were the result of the guest's alleged sexual harassment.

After considering the evidence, the WCJ accepted the testimony of Claimant and found Dr. Mosack's testimony and opinions more credible than Dr. Fenichel's testimony and opinions, noting that Dr. Mosack began treating Claimant shortly after the March 2003 incidents and was able to review Claimant's progress over an extensive period of time. With respect to Employer's motion to dismiss, the WCJ found that the guest did not *intend* to harm, or even to sexually harass, Claimant on March 5 and 6, 2003. (Findings of Fact, No. 21.) Accordingly, the WCJ concluded that section 301(c)(1) of the Act did not apply and that Claimant had established that she sustained a work-related, disabling injury in the nature of chronic PTSD and was entitled to benefits.

Employer then appealed to the WCAB, once again arguing that Claimant's injuries are not compensable under *Heath I* and *Heath II*. The WCAB relied on *Edwards v. Workers' Compensation Appeal Board (Value–Plus, Inc.)*, 894 A.2d 856 (Pa. Cmwlth.2006), in which we observed that this court's decision in *Heath I*, as a vacated opinion, may not be cited as authority for *any* proposition relating to allegations of sexual harassment and the personal animus exception. Accordingly, the WCAB rejected Employer's argument and affirmed the award of benefits.

██ On appeal to this court,[7] Employer again argues that the WCAB erred in awarding Claimant benefits where Claimant's psychological injuries were the result of the guest's alleged sexual harassment of Claimant for reasons personal to him.[8] We disagree.[9]

Section 301(c)(1) of the Act provides, in pertinent part:

 The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment

---

supreme court held that section 301(c)(1)'s personal animus exception is an affirmative defense, not a jurisdictional issue and that this court erred in addressing this exception *sua sponte*. *Heath II*. Thus, the supreme court vacated *Heath I* and remanded the case for a consideration of the merits of the claimant's appeal without applying the personal animus exception. The supreme court *declined* to address the question of whether injuries from sexual harassment are *per se* not compensable pursuant to the personal animus exception in section 301(c)(1) of the Act.

**7.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**8.** This time, Employer relies on *Schweitzer v. Rockwell International*, 402 Pa.Super. 34, 586 A.2d 383 (1990), *appeals denied*, 529 Pa. 635, 600 A.2d 954 (1991), asserting that it stands for the same proposition this court stated in *Heath I*. However, *Schweitzer* involved an employee's *tort claim* based on her supervisor's alleged sexual harassment and whether that tort action was *barred* by the Act's exclusivity provisions. The case does *not* state or imply that any and all injuries, mental or otherwise, arising from sexual harassment are not compensable under section 301(c)(1) of the Act. Accordingly, Employer's reliance on *Schweitzer* is misplaced.

**9.** In its Petition for Review, Employer challenges only the WCJ's and the WCAB's failure to apply the personal animus defense in this instance. Employer has not asserted that Claimant failed to prove the elements necessary to establish a mental/mental injury. Issues that are not raised in a petition for review, or that are not fairly comprised therein, are waived and will not be addressed by the court. Pa. R.A.P. 1513(a); *McKay v. Workmen's Compensation Appeal Board (Osmolinski)*, 688 A.2d 259 (Pa.Cmwlth.1997).

and related thereto.... *The term 'injury* arising in the course of his employment,' as used in this article, *shall not include an injury caused by an act of a third person* **intended** *to injure the employe because of reasons personal to him,* and not directed against him as an employe or because of his employment. .... [B]ut shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer....

77 P.S. § 411(1) (emphasis added).

The personal animus exception is an affirmative defense to rebut the presumption that an injury that occurs on the employer's premises is work-related; the defense may be used to establish that a claimant's injuries do not arise out the course of the claimant's employment. *Heath II; Kohler v. McCrory Stores,* 532 Pa. 130, 615 A.2d 27 (1992); *Allegheny Ludlum v. Workers' Compensation Appeal Board (Hines),* 913 A.2d 345 (Pa.Cmwlth. 2006), *appeal denied,* 593 Pa. 757, 932 A.2d 77 (2007). For the personal animus exception to apply there must be some intention on the part of the assailant to inflict the injury for personal reasons. *Cleland Simpson Co. v. Workmen's Compensation Appeal Board,* 16 Pa.Cmwlth. 566, 332 A.2d 862 (1975). The motivation of the assailant is a question of fact which the WCJ must determine. *Repco Products Corporation v. Workmen's Compensation Appeal Board,* 32 Pa.Cmwlth. 554, 379 A.2d 1089 (1977). The party asserting the personal animus exception must establish that the assailant had a *pre-existing relationship* with, or a *pre-existing animosity* toward, the employee and that he or she *intended to injure* the employee for reasons *personal* to the assailant. *Heath II; Edwards; Holland v. Norristown State Hospital,* 136 Pa.Cmwlth. 655, 584 A.2d 1056 (1990), *appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991). Thus, if a claimant is simply an innocent victim of an attack, the attack will be considered an unexpected happening that arose in the course of employment. *Cleland Simpson.*

Here, the WCJ found that the guest had not intended to harm Claimant by his actions. (Findings of Fact, No. 21.) Moreover, Employer failed to present any evidence that suggests a pre-existing relationship between Claimant and the guest. Because Employer failed to prove that the guest intended to injure Claimant for personal reasons, the personal animus exception does not apply, and Claimant is entitled to benefits.

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of January, 2008, the order of the Workers' Compensation Appeal Board, dated June 11, 2007, is hereby affirmed.