2020 PA Super 56

| MICHELLE GRABOWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARELINK COMMUNITY SUPPORT | : | |
| SERVICES, INC. | : | No. 2611 EDA 2018 |

Appeal from the Order Entered August 2, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2016-29778

BEFORE: PANELLA, P.J., STRASSBURGER, J.*, and COLINS, J.*

OPINION BY COLINS, J.: **FILED MARCH 09, 2020**

Appellant Michelle Grabowski (Plaintiff) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) granting judgment on the pleadings in favor of the defendant Carelink Community Support Services, Inc. (Employer) in this work-place personal injury action. For the reasons set forth below, we affirm.

The following facts were established as undisputed on Employer's motion for judgment on the pleadings. Plaintiff was an employee of Employer, working as a residential counselor at Employer's inpatient psychiatric and mental health service facility. Complaint ¶¶4-5; Answer and New Matter, Answer ¶¶4-5. On December 20, 2014, Plaintiff was injured at Employer's facility while performing her job duties when she was attacked by a resident

_____

* Retired Senior Judge assigned to the Superior Court.

of Employer's facility whom she was assisting.  Complaint ¶¶6-8; Answer and New Matter, Answer ¶¶6-7.  Between December 20, 2014, and August 1, 2016, Plaintiff received workers' compensation payments totaling $75,365.88 for her injuries in this attack.  Answer and New Matter, New Matter ¶¶4-5 & Ex. A; Reply to New Matter ¶¶4-5.  On August 1, 2016, Plaintiff entered into a compromise and release agreement (C&R Agreement) with Employer under which she was paid an additional lump sum of $40,000 to settle all claims with respect to her rights to workers' compensation benefits for the December 20, 2014 attack.  Answer and New Matter, New Matter ¶5 & Ex. A; Reply to New Matter ¶5; C&R Agreement ¶10.  Following a hearing on August 2, 2016, a workers' compensation judge (WCJ) issued a decision and order approving the C&R Agreement.  8/4/16 WCJ Decision.

On December 19, 2016, Plaintiff filed a negligence action against Employer alleging that Employer was liable for the attack because it did not have safety procedures, equipment and a building design sufficient to protect Plaintiff from "potentially violent patients."  Complaint ¶¶10-11.  Plaintiff averred in her complaint that she was attacked "while working in the course and scope of her employment" and that the attacker "[w]ithout leave or notice or provocation, … did lay violent hands upon the Plaintiff; fondling and groping her before knocking her to the floor and assaulting her in a sexual nature."  *Id.* ¶¶7-8.  Employer filed preliminary objections to the complaint, asserting that the action was barred by the Workers' Compensation Act (WCA) and the

workers' compensation proceeding concerning Plaintiff's December 20, 2014 injuries. The trial court overruled the preliminary objections without prejudice to Employer raising the same issues on a motion for judgment on the pleadings or for summary judgment. Trial Court Order, 5/18/17.

On June 7, 2017, Employer filed an answer and new matter endorsed with a Notice to Plead directing Plaintiff to respond to its new matter within 20 days. Employer admitted that the incident on which Plaintiff based her claims occurred while she was working in the scope of her employment, Answer and New Matter, Answer ¶¶5-7, but denied Plaintiff's averments of negligence. In its new matter, Employer pled the facts concerning Plaintiff's receipt of workers' compensation benefits and the C&R Agreement and asserted that Plaintiff's action was barred by the workers' compensation proceeding and its immunity under the exclusive remedy provision of the WCA, 77 P.S. § 481. Answer and New Matter, New Matter ¶¶2-11 & Ex. A. Plaintiff did not respond to Employer's new matter within 20 days.

On July 7, 2017, Employer filed a motion for judgment on the pleadings seeking judgment on the grounds that Plaintiff's action was barred by its immunity under the WCA and the workers' compensation proceeding. On July 20, 2017, Plaintiff filed an untimely reply to new matter admitting the facts concerning her receipt of workers' compensation benefits and the C&R Agreement and that her injury occurred in the course and scope of her employment, but denying the other new matter averments concerning

- 3 -

Employer's WCA immunity as legal conclusions.  Reply to New Matter ¶¶2-11.

On July 25, 2017, Plaintiff filed a timely response to Employer's motion for

judgment on the pleadings.  In this response, Plaintiff admitted and attached

as exhibits the C&R Agreement and WCJ's decision approving the C&R

Agreement, but argued that her claim against Employer was not barred

because it fell within the WCA's "personal animus" or "third party attack"

exception.  On August 2, 2018, the trial court entered an order granting

Defendant's motion for judgment on the pleadings on the grounds that the

action was barred by the WCA.  This timely appeal followed.

Plaintiff states the issues that she raises in this appeal as follows:

1) Whether the Trial Court improperly granted judgment on the pleadings even though there are disputed issues of fact regarding the incident in question, especially the motivation behind the assault on the Plaintiff/Appellant.

2) Whether the Trial Court erred in determining that Plaintiff/Appellant's Complaint was not factually and legally sufficient to set forth a claim for damages outside the Pennsylvania Workers' Compensation Act pursuant to the "Personal Animus"/ "Third Party Attack" exception of the Act. See, 77 Pa. Stat. Ann. § 411.

3) Whether the Court failed to properly recognize and apply the "Personal Animus" exception of the Pennsylvania Workers' Compensation Act to the facts of this action. Specifically, that the very nature of a sexual assault cannot be considered a work-related experience.

Appellant's Brief at 4 (footnote omitted).  Although Plaintiff states these as

three issues, they are more properly analyzed as arguments and alternative

phrasing of a single issue: whether the trial court correctly held that, under

the undisputed facts established by the pleadings, the attack on Plaintiff did not fall within the WCA's "personal animus" or "third party attack" exclusion and that Plaintiff's action was therefore barred by Employer's immunity under the WCA.[1] Employer argues that the trial court correctly held that the personal animus/third party attack exception did not apply to Plaintiff's claims and that Plaintiff's action is also barred as a matter of law by her receipt of workers' compensation benefits for this attack and the approved C&R Agreement.

Our standard of review of the trial court's grant of judgment on the pleadings is *de novo* and our scope of review is plenary. **Rice v. Diocese of Altoona-Johnstown**, 212 A.3d 1055, 1061 (Pa. Super. 2019). Judgment on the pleadings is properly entered where the pleadings and documents admitted in the pleadings establish that there are no disputed issues of fact and that the defendant is entitled to judgment as a matter of law or where accepting the well-pleaded factual averments of the plaintiff's complaint as true, the defendant is entitled to judgment as a matter of law. **Kote v. Bank of New York Mellon**, 169 A.3d 1103, 1107 (Pa. Super. 2017); **Front Street Development Associates, L.P., v. Conestoga Bank**, 161 A.3d 302, 307-08 (Pa. Super. 2017).

Under the WCA, an employer is required to pay workers' compensation benefits to an employee who sustains an injury in the course of her

---

[1] Indeed, Plaintiff discusses these issues under a single argument section. Appellant's Brief at 11-17.

employment. 77 P.S. § 431; *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 186 A.3d 947, 948 (Pa. 2018); *LeDonne v. Workers' Compensation Appeal Board (Graciano Corp.)*, 936 A.2d 124, 129 (Pa. Cmwlth. 2007). Workers' compensation replaces common law tort actions between employees and employers as a means for obtaining compensation for work injuries. *Markle v. Workmen's Compensation Appeal Board (Caterpillar Tractor Co.)*, 661 A.2d 1355, 1357 (Pa. 1995).

> The Legislature ... enacted the [WCA] to provide employees with compensation for injuries sustained within the scope of their employment. In exchange for the right to compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment.

*Abbott v. Anchor Glass Container Corp.*, 758 A.2d 1219, 1223 (Pa. Super. 2000) (quoting *Snyder v. Specialty Glass Products, Inc.*, 658 A.2d 366 (Pa. Super. 1995)).

> Section 303(a) of the WCA provides in relevant part:
>
> The liability of an employer under [the WCA] shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death . . . .

77 P.S. § 481(a). Accordingly, where an injury is covered by the WCA, workers' compensation is the employee's sole remedy against her employer and the employee may not bring a tort action against her employer. 77 P.S. § 481(a); *Kohler v. McCrory Stores*, 615 A.2d 27, 30, 32 (Pa. 1992);

*Burrell v. Streamlight, Inc.*, 222 A.3d 1137, 1139 (Pa. Super. 2019); *Soto v. Nabisco, Inc.,* 32 A.3d 787, 790-91 (Pa. Super. 2011).[2]

The WCA excludes from its coverage injuries intentionally inflicted by third-parties for personal reasons that are unrelated to the employee's employment.  77 P.S. § 411(1); *Kohler*, 615 A.2d at 30-31; *Krasevic v. Goodwill Industries of Central Pennsylvania, Inc.*, 764 A.2d 561, 565 (Pa. Super. 2000); *LeDonne*, 936 A.2d at 129.  Section 301(c)(1) of the WCA provides in relevant part:

> The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment . . . .

77 P.S. § 411(1).  Where an injury is excluded from workers' compensation coverage by this "personal animus" or "third party attack" exception, the employer is not immune from tort liability for the injury, but is also not liable for workers' compensation benefits.  *Kohler*, 615 A.2d at 32-33; *Krasevic*, 764 A.2d at 565-67 (affirming personal injury damages judgment against employer where personal animus/third party attack exception applied); *LeDonne*, 936 A.2d at 131 (affirming denial of compensation because

---

[2] An exception to this immunity exists where the employer has failed to obtain workers' compensation insurance.  77 P.S. § 501(d); *Liberty v. Adventure Shops, Inc.*, 641 A.2d 615, 616 (Pa. Super. 1994); *Lozado v. Workers' Compensation Appeal Board (Dependable Concrete Work and Uninsured Employers Guaranty Fund)*, 123 A.3d 365, 372 (Pa. Cmwlth. 2015) (*en banc*).  That exception is inapplicable here.

personal animus/third party attack exception applied). Either an injury is work-related and the employee is entitled only to workers' compensation or it falls within this exception and the employee's sole remedy is a common law action; "[i]t cannot be both." **Kohler**, 615 A.2d at 32.

If the employee was acting in the course of her employment when the injury occurred, the injury is presumed to be work-related and the burden is on the party asserting the personal animus/third party attack exception to prove that the exception applies and the injury is therefore not covered by the WCA. **Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole)**, 860 A.2d 25, 29-30 (Pa. 2004) (burden to prove exception is on employer in workers' compensation proceeding); **Kohler**, 615 A.2d at 32-33 & n.5 (burden to prove exception is on plaintiff in common law tort action). Because Plaintiff pled in her complaint that she was attacked "while working in the course and scope of her employment," Complaint ¶7, the burden was on Plaintiff to show that the personal animus/third party attack exception applied.

Employer argues that the workers' compensation proceeding in which Plaintiff received benefits for the December 20, 2014 attack precludes her

from satisfying that burden and therefore bars her action as a matter of law. We agree.[3]

Mere passive receipt of workers' compensation benefits for an injury does not bar an employee from suing her employer for negligence. *Kohler*, 615 A.2d at 32; *Mike v. Borough of Aliquippa*, 421 A.2d 251, 256 (Pa. Super. 1980). In such a case, the employee's damages can be reduced in the tort action by the amount of the workers' compensation benefits or the employee can be required to repay the workers' compensation benefits from the damages award. *Kohler*, 615 A.2d at 32; *Mike*, 421 A.2d at 256. The rationale for this rule is that allowing receipt of benefits to bar a common law action "would permit employers to limit their potential liability for unsafe workplaces by simply offering benefits to an employee while he is injured and unaware that his proper remedy is through a negligence action." *Kohler*, 615 A.2d at 32.

Where, however, there a final adjudication in a workers' compensation proceeding that the injury is covered by the WCA, the employee is estopped from claiming that the personal animus/third party attack exception applies. *Kohler*, 615 A.2d at 32-33; *Dunn v. United Insurance Co. of America*,

---

[3] While the trial court did not base its judgment on the pleadings on this ground, we may affirm a trial court's decision if there is a proper basis for the result reached, even if it is different than the basis relied upon by the trial court. *Generation Mortgage Co. v. Nguyen*, 138 A.3d 646, 651 n.4 (Pa. Super. 2016); *In re Estate of Rood*, 121 A.3d 1104, 1105 n.1 (Pa. Super. 2015).

482 A.2d 1055, 1057 (Pa. Super. 1984). This estoppel applies not only where there is an adjudication of a workers' compensation claim petition filed by the tort plaintiff, *Dunn*, 482 A.2d at 1056-57, but also where a workers' compensation decision is issued in proceedings on other types of petitions and the employee is represented by counsel in those proceedings. *Kohler*, 615 A.2d at 32-33. In *Kohler*, our Supreme Court held that the plaintiff was estopped from proving that his injury fell within the personal animus/third party attack exception by an adjudication of a petition for termination, suspension, or modification of compensation benefits, where the plaintiff was represented by counsel in those proceedings and the workers' compensation referee "specifically found that [plaintiff] sustained a work-related injury and expressly concluded that both parties are bound by the provisions of the [WCA]." *Id.*

In addition, the doctrine of judicial estoppel bars a party from asserting a position that is inconsistent with a position that she previously successfully asserted in litigation. *In re Adoption of S.A.J.*, 838 A.2d 616, 620 (Pa. 2003); *Black v. Labor Ready, Inc.*, 995 A.2d 875, 878 (Pa. Super. 2010). "The purpose of judicial estoppel is 'to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires.'" *Bienert v. Bienert*, 168 A.3d 248, 255 (Pa. Super. 2017) (quoting *Gross v. City of Pittsburgh*, 686 A.2d 864 (Pa. Cmwlth. 1996)). Judicial estoppel does not require that the issue have been actually

litigated to conclusion or determined by a court or other tribunal on the merits if the party successfully obtained a benefit by assertion of the position that she now seeks to dispute. *In re Adoption of S.A.J.*, 838 A.2d at 623 & n. 4; *Black*, 995 A.2d at 876, 878-79 (defendant was judicially estopped from claiming WCA immunity where it had asserted that it was not the plaintiff's employer in workers' compensation proceedings and obtained a stipulation approved by a WCJ that another company was the employer and that the workers' compensation claim against it would be withdrawn); *Ligon v. Middletown Area School District*, 584 A.2d 376, 379-80 (Pa. Cmwlth. 1990) (plaintiff barred by judicial estoppel from asserting that defendant with whom he had entered into settlement at trial was immune from suit).

Here, Plaintiff did not merely passively receive workers' compensation benefits. Plaintiff also affirmatively sought and obtained $40,000 in additional benefits through the C&R Agreement based on the position that the attack was a work injury and that agreement was approved by a WCJ adjudication. A petition to terminate Plaintiff's workers' compensation benefits and a petition to suspend her benefits had been filed by Employer and were pending at the time that Plaintiff entered into the C&R Agreement. 8/4/16 WCJ Decision at 1, Findings of Fact (F.F.) ¶¶2, 7. The C&R Agreement gave Plaintiff benefits that she would not receive if the termination petition or suspension petition was granted and that she could not receive if the attack was excluded from WCA coverage by the personal animus/third party attack exception.

Plaintiff was represented by counsel in entering into the C&R Agreement and her fee agreement with counsel described the representation as "my **workman's compensation claim** arising out of an incident occurring on December 20, 2014 versus CARELINK." C&R Agreement Employee's Certification ¶4; 8/4/16 WCJ Decision at 1, 13 (emphasis added).

Moreover, not only did Plaintiff successfully obtain benefits inconsistent with her position in this litigation, but there was also an adjudication that the December 20, 2014 attack was covered by the WCA. Under Section 449 of the WCA, a WCJ was required to hold a hearing on the C&R Agreement and render a decision approving or disapproving the C&R Agreement. 77 P.S. § 1000.5(b). The C&R Agreement compromised Plaintiff's rights under the WCA, and the WCJ decision approved the C&R Agreement "as a resolution of the parties' respective rights under the Pennsylvania Workers' Compensation Act." 8/4/16 WCJ Decision at 5; C&R Agreement ¶¶6-8, 10. The WCJ's decision incorporated as findings of fact the C&R Agreement, which stated that the $75,365.88 in workers' compensation benefits that Plaintiff had already received were paid for an accepted work injury and that the $40,000 was a payment of workers' compensation benefits for that injury. 8/4/16 WCJ F.F. ¶4; C&R Agreement ¶¶1, 4-8, 13. Moreover, the WCJ found that "[t]he parties are bound by the Pennsylvania Workers' Compensation Act, as amended." 8/4/16 WCJ Decision Conclusion of Law ¶1. **See Kohler**, 615 A.2d at 32 (express conclusion "that both parties are bound by the provisions of the

[WCA]" showed that decision was an adjudication that the injury was covered by the WCA). In addition, the WCJ made Plaintiff's right to payment under the C&R Agreement enforceable under the WCA by providing in her decision that "Employer is ORDERED to make payment pursuant to the terms of the Compromise and Release Agreement." 8/4/16 WCJ Decision at 5.

Because Plaintiff, represented by counsel, actively sought and successfully obtained $40,000 from Employer in the workers' compensation proceeding that she could receive only if the attack was work-related and there was a final adjudication in the workers' compensation proceeding that the attack was covered by the WCA, she was estopped from proving that the personal animus/third party attack exception to Employer's workers' compensation immunity applies to her claims in this case. **Kohler**, 615 A.2d at 32-33; **see also Black**, 995 A.2d at 878-79. Plaintiff's action against Employer was therefore barred by Employer's immunity under the WCA as a matter of law and judgment on the pleadings was properly granted. **Kohler**, 615 A.2d at 32-33 (upholding trial court's dismissal of plaintiff's complaint on a demurrer).

Moreover, even if Plaintiff's action against Employer were not barred by estoppel, her arguments would fail on the merits. A party asserting the personal animus/third party attack exception must show, not merely that there was an intentional assault, but that the victim was attacked for purely personal reasons that were not related to the victim's employment. 77 P.S. §

411(1); *Krasevic*, 764 A.2d at 566; *Scantlin v. Ulrich*, 465 A.2d 19, 21 (Pa. Super. 1983).

Plaintiff's complaint averred that she was attacked in the performance of her job duties by a patient with whom she was required to work and that the attack was sudden and for no known reason. Complaint ¶¶5-8. Where an employee is the victim of a sudden attack by a non-co-worker for unknown reasons and the attack occurred while the employee was performing her job, the personal animus/third party attack exception does not apply. *Hershey v. Ninety–Five Associates*, 604 A.2d 1068, 1069-70 (Pa. Super. 1992); *Sabot v. Department of Public Welfare*, 588 A.2d 597, 598, 600 (Pa. Cmwlth. 1991); *Holland v. Norristown State Hospital*, 584 A.2d 1056, 1057, 1059-60 (Pa. Cmwlth. 1990). If the employee "is simply an innocent victim of an attack, the attack will be considered an unexpected happening that arose in the course of employment" that is covered by the WCA. *M & B Inn Partners, Inc. v. Workers' Compensation Appeal Board (Petriga)*, 940 A.2d 1255, 1259 (Pa. Cmwlth. 2008).

Plaintiff argues that the personal animus/third party attack exception applies to her claims because sexual attacks cannot be considered work-related under this Court's decisions in *Krasevic* and *Schweitzer v. Rockwell International*, 586 A.2d 383 (Pa. Super. 1990) and a federal trial court opinion, *Pryor v. Mercy Catholic Medical Center*, 1999 WL 956376 (E.D.Pa. Oct. 15, 1999). That, however, is not the law. None of these cases hold that

- 14 -

sexual assaults are necessarily excluded from WCA coverage or that a sudden assault by a non-employee with whom the plaintiff was required to interact in the performance of her job falls within the personal animus/third party attack exception. Rather, **Krasevic**, **Schweitzer**, and **Pryor** all involved sexual conduct by co-workers that either involve a pattern of behavior directed specifically at the plaintiff or some evidence that the attacker had a personal fixation on the plaintiff.[4]

In **Krasevic**, this Court held that the WCA did not bar common law tort liability where the plaintiff was raped in a bathroom by a co-worker who had previously groped her and had a personal fixation on her that was unrelated to work. 764 A.2d at 563, 567. In **Schweitzer**, the plaintiff was subjected by a supervisor to demands for a sexual relationship, groping, and lewd comments about her body, and the Court held that these acts fell within the personal animus/third party attack exception because the harassment was personal in nature. 586 A.2d at 385, 391. In **Pryor**, the plaintiff was

---

[4] Plaintiff also relies for this argument on another federal decision, **Huggins v. Coatesville Area School District**, 2008 WL 4072801 (E.D. Pa. Aug. 27, 2008). **Huggins**, however, is completely irrelevant to Plaintiff's argument, as it involved racial harassment by a supervisor, not sexual conduct or an assault, and the court held that the plaintiff had not satisfied the personal animus/third party attack exception because his allegations did not show that the conduct was personal in nature rather than employment-related. 2008 WL 4072801 at *1-*3, *11-*12.

subjected to repeated instances of sexually explicit remarks, fondling, physical restraint, and lewd sex acts by a co-worker. 1999 WL 956376 at *1-*4.

In contrast, the personal animus/third party attack exception has repeatedly been held inapplicable to sexual assaults on the employer's premises where the assailant was a stranger or a non-co-worker with whom the employee was required to interact in the performance of her job. **Hershey**, 604 A.2d at 1068, 1070 (holding that WCA immunity barred hotel employee's tort action for sexual assault by stranger who jumped over the counter while she was working and that plaintiff "cannot rely upon the sexual nature of her attack to establish that the attack occurred for reasons personal to her assailant"); **M & B Inn Partners, Inc.**, 940 A.2d at 1256, 1259 (personal animus/third party attack exception did not apply to sexual harassment of hotel employee by hotel guest and hotel employee was entitled to workers' compensation benefits for that harassment); **Sabot**, 588 A.2d at 598, 600 (WCA immunity barred hospital psychiatric aide's tort action for sexual assault committed by hospital inmate who had a criminal record for prior sexual attacks where there was "no averment that [inmate's] relationship to [the plaintiff] was in any way unrelated to her position as a Hospital employee"); **Holland**, 584 A.2d at 1057, 1059-60 (WCA immunity barred hospital security attendant trainee's tort action for assault and rape by a committed psychiatric patient).

Plaintiff also argues that the judgment on the pleadings could not be granted because the applicability of the personal animus/third party attack exception is an issue of fact that must be determined by the trier of fact. This argument likewise fails. In the cases on which Plaintiff relies, there was evidence of an existing personal animosity between the victim and attacker, **McBride v. Hershey Chocolate Corp.**, 188 A.2d 775, 777-78 (Pa. Super. 1963); **Repco Products Corp. v. Workmen's Compensation Appeal Board (Habecker)**, 379 A.2d 1089, 1091-92 (Pa. Cmwlth. 1977), or the court held that the party asserting the exception did not satisfy its burden of proof because there was no such evidence. **M & B Inn Partners, Inc.**, 940 A.2d at 1259. Where, as here, the complaint alleges that the plaintiff was attacked by a non-co-worker while performing her work duties and alleges no motivation for the attack, dismissal at the pleading stage on WCA immunity grounds is proper. **Sabot**, 588 A.2d at 597-98, 600 (affirming grant of demurrer); **see also Scantlin**, 465 A.2d at 19, 21 (affirming judgment on pleadings where plaintiff averred an intentional injury in the complaint but did not aver any motivation by the person who inflicted the injury). Accordingly, the trial court correctly concluded that, accepting the averments of Plaintiff's complaint as true, the personal animus/third party attack exception did not apply and Plaintiff's claims were barred by WCA immunity as a matter of law.

Plaintiff argues in her reply brief and asserted at oral argument that even if her complaint was insufficient, the trial court should have granted her

leave to amend. Plaintiff, however, did not raise the trial court's failure to grant leave to amend the complaint in her concise statement of errors complained of on appeal filed in response to the trial court's Pa.R.A.P. 1925(b) order or even in her principal brief.[5] This argument is therefore waived. Pa.R.A.P. 1925(b)(4)(vii) (issues not included in Rule 1925(b) concise statement are waived); ***Getty v. Getty***, 221 A.3d 192, 196 n.5 (Pa. Super. 2019) (same); ***Brown v. Halpern***, 202 A.3d 687, 709 n.13 (Pa. Super. 2019)(arguments raised for the first time in a reply brief are waived).[6]

In sum, the record on Employer's motion for judgment on the pleadings established that Plaintiff's tort action against Employer is barred as a matter

---

[5] Plaintiff's concise statement listed as errors only the following issues, which are the same issues as she set forth in her brief in this Court:

    1.) The Court improperly granted judgement on the pleadings even though there are disputed issues of fact regarding the incident in question, especially the motivation behind the assault on the Plaintiff.

    2.) The Plaintiff's Complaint was factually and legally sufficient to set forth a claim for damages outside the Pennsylvania Workers Compensation Act pursuant to the "Personal Animus"/ "Third Party Attack" exception of the Act. See, 77 Pa. Stat. Ann. § 411.

    3.) The Court failed to properly recognize and apply the "Personal Animus" exception of the Pennsylvania Workers Compensation Act to the facts of this action. Specifically, the very nature of a sexual assault cannot be considered a work-related occurrence.

Plaintiff's/Appellant's Concise Statement of Errors (footnote omitted).

[6] Indeed, Plaintiff has not stated what averments she could make concerning the attacker's motivation in an amended complaint and it appears that no discovery could supply evidence concerning his motivation, as Plaintiff advised the Court at oral argument that the attacker is deceased.

of law by Employer's immunity under the WCA. We therefore affirm the trial court's order granting judgment on the pleadings in favor of Employer.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/20