J-S33002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORI A. DIBBLE AND THERESA ODDO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAGE TRANSPORTATION, INC., PAGE | : | No. 565 EDA 2021 |
| E.T.C., INC., AMS TRUCKING, LLC, | : | |
| AND UPPER CANADA STONE | : | |
| COMPANY, LTD | : | |

Appeal from the Order Entered February 10, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 200900060

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 19, 2021**

Lori A. Dibble and Theresa Oddo (collectively "Plaintiffs") appeal from the order that sustained the preliminary objections of Page Transportation, Inc., Page E.T.C., Inc., and AMS Trucking, LLC (collectively "Defendants") claiming venue was improper in Philadelphia County and transferring the action to Dauphin County.[1] We affirm.

The trial court supplied the following summary of the history of this case:

> This matter arises out of a September 10, 2018 motor vehicle accident on Interstate 90 at milepost marker 410 in the Town of Clarence, New York. The motor vehicle accident in the

_____

[1] Named defendant Upper Canada Stone Company, LTD, was dismissed from the action upon stipulation of the parties.

instant matter involved the Plaintiffs and Matthew Russel Swope, an individual who resides in Flinton, PA.[1]  Mr. Swope was the operator of a commercial semi-tractor with an attached commercial trailer owned by AMS Trucking, LLC.  Mr. Swope is also the sole owner and only employee of AMS Trucking, LLC.  The accident occurred when Mr. Swope allegedly attempted to merge from the right lane into the left lane and swiped the Plaintiffs' vehicle causing Plaintiff[s] to strike the embankment alongside the right shoulder.

_____

[1] Flinton, PA is located in Cambria County.

The plaintiffs in this matter are Lori Dibble, the driver of the vehicle, and Theresa Oddo, a passenger in the vehicle, who reside in Batavia, NY and Corfu, NY, respectively. . . .  The defendants in this matter are Page Transportation, Inc. and Page E.T.C., Inc., (collectively, hereinafter "Page Defendants"), both of which are New York corporations with registered business offices in Harrisburg, PA[5]; and AMS Trucking, LLC, (hereinafter AMS), a Pennsylvania corporation with a registered business address in Flinton, PA.  The Page Defendants' business, as trucking companies, consists solely of "hauling loads."  At the time of the accident, AMS was leased to haul loads for the Page Defendants.  Mr. Swope, through AMS, was carrying a load for Page Transportation from Northern Canada to Pottstown, Pennsylvania.[6]

_____

[5] Harrisburg, PA is located in Dauphin County.
[6] Pottstown, PA is located in Montgomery County.

Plaintiffs filed a complaint in the instant matter in the Court of Common Pleas in Philadelphia County on September 8, 2020. The Defendants filed preliminary objections to Plaintiffs' complaint on October 13, 2020.  The Plaintiffs filed an answer to Defendants['] preliminary objections on November 2, 2020.  Th[e trial] court issued a rule to show cause allowing all parties to submit supplemental briefing as to the issue of venue on November 6, 2020.  Both Plaintiffs and Defendants filed supplemental briefing on December 28, 2020.  Th[e trial] court issued an order on February 10, 2021 sustaining the preliminary objections and transferring the instant matter to the Court of Common Pleas, Dauphin County.

Trial Court Opinion, 5/19/21, at 1-3 (citations, unnecessary capitalization, ordinal indicators, and some footnotes omitted).

Plaintiffs filed a timely notice of appeal. The trial court ordered Plaintiffs to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Plaintiffs filed a timely statement. Thereafter, the trial court authored a Pa.R.A.P. 1925(a) opinion. Accordingly, the appeal is ripe for our disposition.

Plaintiffs present the following question for our consideration: "Whether the trial court erred when it sustained [Defendants'] preliminary objection with respect to improper venue?" Plaintiffs' brief at 9. In particular, Plaintiffs contend that (1) the evidence of record, specifically the Page Defendants' admitted contacts with Philadelphia County, was sufficient to establish proper venue in that county; and (2) Plaintiffs did not have "a fair opportunity to access" all pertinent documents, including reports of a search of the origin and destination of loads ("TMS reports"), bills of lading, E-Z Pass logs, fuel receipts, and maintenance records requested in discovery. *See id*. at 15-17.

We first address Defendants' claim that Plaintiffs waived their appellate issues by filing a deficient Rule 1925(b) statement. The issue stated in Plaintiffs' Rule 1925(b) statement was "The Honorable Trial Court erred as a matter of law, and thereby abused its discretion, in holding that Philadelphia County is an improper venue to the instant matter where Defendants have admitted to conducting business in Philadelphia County." Plaintiffs' Concise

Statement, 3/31/21, at 2. Defendants assert that this statement is too vague to have put the trial court on notice of the errors alleged. *See* Defendants' brief at 25-29. Defendants argue that the specific challenges Plaintiffs advance on appeal, namely the adequacy of the Philadelphia County contacts of record and Defendants' failure to respond to discovery, are not sufficiently suggested by their Rule 1925(b) statement to have put the trial court on notice of the appellate issues. *Id*. at 27-28.

"The function of the concise statement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review – so as to facilitate the writing of the opinion." *Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021). Where the statement does not provide the trial court with sufficient notice of the alleged error, waiver results. *See*, *e.g.*, *Lineberger v. Wyeth*, 894 A.2d 141, 148–49 (Pa.Super. 2006) (finding waiver where the concise statement vaguely alleged that the trial court erred in granting a motion for summary judgment).

Here, Plaintiffs' statement clearly notified the trial judge that they believed that the evidence of record concerning Defendants' contacts with Philadelphia County warranted overruling the preliminary objection to venue, and the trial court addressed that claim in its opinion. However, nothing in Plaintiffs' statement alerted the trial court that they were further complaining that Defendants did not supply requested evidence. Understandably, the trial court did not address outstanding discovery in its opinion. Accordingly, we

find that Plaintiffs waived their discovery-based argument by failing to include in in their Rule 1925(b) statement. *See*, *e.g.*, *Grabowski v. Carelink Cmty. Support Servs.*, Inc., 230 A.3d 465, 476 (Pa.Super. 2020) (holding issue not included in Rule 1925(b) statement was waived on appeal). However, we shall proceed to address Plaintiffs' preserved contention that the evidence which was produced by Defendants did not support the trial court's ruling.

We begin with a review of the pertinent legal principles. Venue is governed by Pa.R.C.P. 1006, which provides:

> Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county.

Pa.R.C.P. 1006(e). Rule 1006 further specifies that actions against "corporations and similar entities" may be brought only in the counties designated by Pa.R.C.P. 2179.[2] *See* Pa.R.C.P. 1006(b). Rule 2179 identifies the counties in which venue against a corporation lies as follows:

> (1) the county where its registered office or principal place of business is located;
>
> (2) a county where it regularly conducts business;
>
> (3) the county where the cause of action arose;

---

[2] With exceptions not pertinent here, where joint and severable liability is sought against two or more defendants, as is the case in the instant action, the action "may be brought against all defendants in any county in which the venue may be laid against any one of the defendants[.]" Pa.R.C.P. 1006(c)(1).

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a). Plaintiffs' assertion of proper venue in the instant action is based solely upon the contention that the Page Defendants regularly conducted business in Philadelphia County.

Plaintiffs contend that we apply a *de novo*, plenary standard of review of the trial court's decision to sustain Defendants' preliminary objections alleging improper venue. **See** Plaintiffs' brief at 8 (citing, *inter alia*, **Trexler v. McDonald's Corp.**, 118 A.3d 408, 412 (Pa.Super. 2015)). While that standard is generally applicable to appeals concerning preliminary objections, our Supreme Court has stated a different standard for review of a trial court's Rule 2179(a)(2) determination. Specifically, the High Court long ago specified that an appellate court may not overturn a trial court's determination whether a corporation regularly conducted business in a given county if "such conclusion is a reasonable one in view of the facts." **Monaco v. Montgomery Cab Co.**, 208 A.2d 252, 256 (Pa. 1965). As such, "[w]e review an order granting or denying preliminary objections asserting improper venue for abuse of discretion." **Hangey v. Husqvarna Prof'l Products, Inc.**, 247 A.3d 1136, 1140 (Pa.Super. 2021) (*en banc*). Accordingly, we apply the more deferential abuse-of-discretion standard in reviewing the trial court's application of the above-refenced law to the facts of the instant case.

This Court recently conducted an examination of what type of evidence establishes that "acts are being 'regularly' performed within the context of the particular business." **Hangey**, **supra** at 1141 (cleaned up). We observed that "in the venue context, 'regularly' does not mean 'principally,' and a defendant may perform acts 'regularly' even though these acts make up a small part of its total activities." **Id**. (cleaned up). We further explained:

> In determining whether venue is proper under this rule, courts employ a quality-quantity analysis. The term "quality of acts" means those directly furthering, or essential to, corporate objects; they do not include incidental acts. To satisfy the quantity prong of this analysis, acts must be sufficiently continuous so as to be considered habitual.

**Id**. (cleaned up).

The trial court summarized the evidence of Defendants' contacts with Philadelphia County and its legal conclusions as to the import of that evidence as follows:

> The undisputed facts are, since the inception of AMS in 2006, AMS has never conducted any business in Philadelphia County. AMS has a registered business office in Flinton, PA[, its only office]. Matthew Swope, the sole owner and employee of the company, testified at a deposition that "AMS Trucking has never traveled in or out of the Philadelphia area for any loads whatsoever." The majority of AMS'[s] loads originate in Western Pennsylvania, Allentown, PA, and Maryland. Not only does AMS not have any business in Philadelphia County, AMS'[s] drivers "never" travel through Philadelphia with their loads. Furthermore, for a two year period, approximately spanning from the beginning of 2016 until November of 2018, AMS was leased to the Page Defendants to haul trucking loads. AMS never had a customer in Philadelphia County for either the Page Defendants or themselves. Since AMS has never conducted any business in Philadelphia County, venue as to AMS is improper.

The Page Defendants, upon the filing of their Preliminary Objections in the instant matter, attached an affidavit of Christopher Jorolemon. Mr. Jorolemon has worked for Page Transportation since 1999 and has been the Vice President of Operations since 2006. In Mr. Jorolemon's affidavit dated October 6, 2020, Mr. Jorolemon asserted the Page Defendants do not currently have offices, own property, lease property or store equipment in Philadelphia County. Furthermore, the Page Defendants have never had offices, equipment or employees located in Philadelphia County. From approximately 2015 through 2020, Mr. Jorolemon asserted less than one-half of a percent of the Page Defendants' loads either originated from or were delivered to Philadelphia County.

Mr. Jorolemon was deposed following th[e trial] court's rule permitting supplemental briefing on the sole issue of venue. During his deposition, Mr. Jorolemon testified that the figures used in the original affidavit's "one-half of one percent" figure was an estimate using his "understanding of our business and where we conducted business." Mr. Jorolemon provided a supplemental affidavit and further testified to undertaking a search using the Page Defendants' TMS system to determine the exact extent of their business in Philadelphia County.

From January 1, 2016 until December 2, 2020, the Page Defendants had eighty-six (86) loads that were delivered into Philadelphia County, delivered out of Philadelphia County or had a billing address in Philadelphia County regardless of where the delivery either began or ended. In that same period of time, the Page Defendants were responsible for five hundred twelve thousand three hundred eighty-four loads (512,384). Therefore, only .0167% of the Page Defendants['] loads had any connection to Philadelphia County. The 86 loads with a connection to Philadelphia County derived from ten (10) customers. In order for venue to be proper in a given county, a business organization has to "regularly conduct business." Using the [pertinent test], Plaintiffs have failed to prove the Page Defendants have either the requisite quantity or quality of business to be considered regular. The hauling of 86 loads over the course of five years is far more incidental than essential to the totality of the Page Defendants' business.

As previously stated, the Page Defendants are New York corporations with a registered office in Harrisburg, Pennsylvania.

> The Page Defendants do not have any physical locations in Philadelphia County. The only "physical location" the Page Defendants own in Pennsylvania is a "dispatch office" in Beaver County. Furthermore, the underlying accident in this matter happened in Clarence, New York. At the time of the accident, neither the Plaintiffs nor any of the Defendants were driving to or from Philadelphia County. The Plaintiffs reside in Batavia, New York and Corfu, New York, respectively. The Plaintiffs received no medical treatment in Philadelphia County. The Plaintiffs do not work in Philadelphia County. Plaintiffs do not own, lease, or rent any property in Philadelphia County. The Plaintiffs do not have any immediate relatives who live in Philadelphia County. The only connection any party in the instant matter has to Philadelphia County is the infinitesimal percentage, .0167%, of loads that either were delivered, originated or billed to an address in Philadelphia County by the Page Defendants in the past five years.

Trial Court Opinion, 5/19/21, at 5-8 (citations, footnotes, and unnecessary capitalization omitted).

Examination of our decision in ***Hangey***, which involved the same trial court and similar evidence, is helpful to our review of the trial court's determination in the case *sub judice*. In ***Hangey***, the plaintiffs sued a number of defendants in Philadelphia County alleging liability for a personal injury suffered in 2016 in connection with a lawn mower purchased and used in Bucks County. The only basis for venue in Philadelphia County was that the defendant HPP regularly conducted business there pursuant to Rule Pa.R.C.P. 2179(a). Discovery revealed that HPP "had approximately $1.4 billion in sales revenue in the United States, of which $75,310.00 came from direct sales in Philadelphia County." ***Hangey***, ***supra*** at 1139 (cleaned up).

> Of the $75,000 in sales made in Philadelphia in 2016, roughly $69,700 came from a single [HPP] authorized dealer, DL Electronics, Inc. Approximately 0.005% of HPP's 2016 United

States sales revenue resulted from direct sales in Philadelphia County. Sales data from 2014 and 2015 is substantially similar, with approximately 0.005% of [HPP]'s annual United States sale revenue resulting from direct sales within Philadelphia County.

*Id*. (cleaned up). The trial court held that venue was improper because, although HPP's contacts with Philadelphia County were of sufficient quality, they did not satisfy the quantity prong of the test. "The court reasoned that only 0.005% of HPP's national revenue came from sales in Philadelphia and concluded that because this amount was '*de minimis*,' HPP's contact with Philadelphia was not general and habitual." *Id*. at 1140.

In considering the challenge to the trial court's decision, we examined the significance of the percentage of a company's business conducted in the county at issue. Specifically, we explained:

> The percentage of a company's overall business that it conducts in a given county, standing alone, is not meaningful and is not determinative of the "quantity" prong. Each case turns on its own facts, and we must evaluate evidence of the extent of a defendant's business against the nature of the business at issue. A small or local business may do all of its work in just a few counties or even a single one, while a large business may span the entire nation. Indeed, the percentage of sales a multi-billion-dollar company makes in a particular county will almost always be a tiny percentage of its total sales. Courts thus should not consider percentages in isolation. Rather, courts must consider all of the evidence in context to determine whether the defendant's business activities in the county were regular, continuous, and habitual.

*Id*. at 1142.

Applying that standard to the facts before it, this Court reversed. We held that "the trial court erred in relying almost exclusively on evidence of the

- 10 -

percentage of defendant's business that occurred in Philadelphia when addressing the quantity prong" of the regularly-conducts-business analysis. *Id*. at 1143. We further ruled that HPP's "contacts with Philadelphia—including having an authorized dealer in Philadelphia, and selling $75,310 worth of products through that dealer in 2016 in Philadelphia—were 'sufficiently continuous so as to be considered habitual.'" *Id*.

In the instant appeal, Plaintiffs assert that the trial court again erred in relying solely on the percentage of the Page Defendants' overall loads that were connected to Philadelphia County. Plaintiffs contend that the amount of business conducted in Philadelphia County was "enough to make venue appropriate." Plaintiffs' brief at 21. Plaintiffs argue that this Court has decided that relevant contacts constituting a small percentage of sales is determinative only where the defendants were small or local companies. *Id*. at 21-22. By contrast:

> By Mr. Jorolemon's own admission, the Page [Defendants] are a multinational company operating in both the United States and Canada. According to Mr. Jorolemon, the company has dispatch offices in Ohio, Michigan, Indiana, Kentucky, North Carolina, Kansas, New Jersey, and Pennsylvania. While [Defendants] contend that 0.0167% of its loads had a connection to Philadelphia County, [they] wholly fail to quantify the actual business they conduct within Philadelphia. Mr. Jorolemon testified that the Page [Defendants] had ten customers in Philadelphia County from 2016-2020, and multiple loads had been delivered to some of the customers throughout the five-year period. Conveniently, Mr. Jorolemon was unable to confirm the number and frequency of repeat customers requiring multiple loads to be delivered to Philadelphia. Moreover, it is strange that the Page [Defendants] have offices located in New Jersey, less than sixty miles from Philadelphia, yet contend that they do not have the requisite

contact with Philadelphia for venue purposes. As such, because [the Page Defendants] have the requisite contact with Philadelphia County, the trial court erred in sustaining their Preliminary Objection.

*Id*. at 22-23 (citations omitted).

At first blush, it appears that there may be merit to Plaintiffs' argument that, in the instant action, the trial court again focused too narrowly upon the percentage of the respective defendant's overall business conducted in Philadelphia. As *Hangey* explained, in analyzing the quantity prong of the test, the number of contacts with Philadelphia County is to be considered from the perspective of the county rather than solely from that of the business. While a percentage of sales in a county may be miniscule viz-a-viz the company's overall sales, they may nonetheless amount to systematic, continuous, and habitual, and therefore "regular," business in the county.

However, looking at the specific facts of the instant case, we conclude that the trial court's ruling is a reasonable one. Most significantly, and in contrast to the defendant in *Hangey*, none of Defendants here has any office or authorized dealer in Philadelphia County. Such a relationship suggests a continuous, habitual connection with a county that is simply not present in this case. The trial court acted reasonably here in determining that, despite Plaintiffs' speculation about the strangeness and convenience in the testimony, the mere occasional delivery or pickup of a load in Philadelphia County did not rise to the level of continuous, habitual contact.

Furthermore, while the trial court in **Hangey** held that the defendant's contacts in that case were indeed of the requisite quality to impart venue, here the trial court ruled that none of Defendants had such quality contacts. Plaintiffs present us with no challenge to the trial court's quality assessment, nor authority and argument to suggest that the quantity of contacts here is such that venue is proper in the absence of quality contacts.

Accordingly, Plaintiff has failed to establish that the trial court abused its discretion in sustaining Defendants' preliminary objections raising improper venue on the basis that none of them regularly conducted business in Philadelphia County. Therefore, we affirm the trial court's February 10, 2021 order sustaining the venue objection and transferring the action to Dauphin County.

Order affirmed.

Judge Nichols and Judge McLaughlin concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021

- 13 -