J-S40004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDREW FERRERIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WEST GERMAN MOTOR IMPORTS, | : | No. 744 EDA 2023 |
| GLENROY HENDRICKS, AND JOSE | : | |
| ROMAN | : | |

Appeal from the Order Entered May 5, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2019-03182

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 15, 2024**

Appellant Andrew Ferreria appeals from the order entering judgment on the pleadings in favor of West German Motor Imports (Appellee).[1] Appellant argues that the trial court erred in finding that Appellee was immune from suit under the Workers' Compensation Act (WCA).[2] We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> [Appellant] was employed by [Appellee] as an automobile detailer. On March 23, 2017, co-defendants, Glenroy Hendricks

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's claims involving Glenroy Hendricks and Jose Roman were resolved and dismissed following arbitration. ***See*** Trial Ct. Order, 5/5/23.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2710.

and Jose Roman, who were also employed by [Appellee], physically attacked [Appellant]. As a result, [Appellant] sustained bodily injuries. [Appellant] filed a complaint against [Appellee] for negligence. Specifically, [Appellant] alleged that [Appellee] was negligent in allowing the co-defendants [Hendricks and Roman] to work in the vicinity of [Appellant, and that] Hendricks and Roman exhibited behavioral problems before the incident. [Co-defendants Hendricks and Roman] allegedly destroyed property and used derogatory racial and ethnic terms and exhibited poor anger management.

[Appellant] alleged that [Appellee] was negligent by failing to timely intervene while the incident was in progress. [Appellant claimed that h]ad [Appellee] taken action sooner, the incident could have been prevented and because of [Appellee's] inaction, [Appellant] sustained injuries. On July 24, 2020, . . . [Appellee] filed a motion for judgment on the pleadings arguing that [Appellant's] claimed injury and negligence against [Appellee] was barred under the exclusive remedy provision of the [WCA].

In [Appellant's] memorandum of law in opposition [to Appellee's] motion for judgment on the pleadings, [Appellant] argued that the motion should be denied because there is an issue of material fact that needs to be determined by the court. [Appellant] noted that the [WCA] is the exclusive remedy for injuries sustained in the workplace. However, [Appellant] argued that this case falls under the "personal animus" exception, which states that injuries that arise from personal conduct at the workplace are not compensable under the WCA. For the exception to apply, the assailant must have intended to inflict the injury for personal reasons unrelated to his employment.

[Appellant] argued that the motivation of the two co-defendants was a question of fact that had to be determined by the trier of fact. In turn, [Appellee] filed a reply brief which argued that there was no issue of material fact because [Appellant's] amended complaint failed to plead facts that would show animosity between [Appellant] and co-defendants. None of the allegations alleged established that the attack was for personal reasons. This court agreed and issued the order granting [Appellee's] motion on September 28, 2020.

Trial Ct. Op., 4/3/23, at 1-2 (formatting altered and citations omitted).

The claims against the remaining defendants, Hendricks and Roman, proceeded to arbitration. Appellant subsequently reached an agreement with Hendricks and Roman and dismissed them from this matter.

On March 7, 2023, Appellant filed a notice of appeal challenging the order granting judgment on the pleadings in favor of Appellee.

On appeal, Appellant raises the following issue:

> Did the [trial court] abuse [its] discretion or commit an error of law when [it] applied workers compensation immunity that was not caused in the course and scope of Appellant's employment[?]

Appellant's Brief at 4.

Initially, we must address whether Appellant's appeal from the order granting judgment on the pleadings in favor of Appellee was timely. *See Porter v. Nikita Lodging, Inc.*, 274 A.3d 1272, 1278 (Pa. Super. 2022). As noted previously, on March 7, 2023, Appellant filed an appeal from the order granting Appellee's motion for judgment on the pleadings. On April 25, 2023, this Court ordered Appellant to show cause why the appeal should not be dismissed because the docket did not reflect confirmation of the arbitration award and entry of final judgment. Appellant filed a response stating that following arbitration, judgment was entered on the trial court docket on May 5, 2023, confirming the arbitration award and dismissing the claims against

Roman and Hendricks. **See** Appellant's Resp., 5/9/23; Trial Ct. Order, 5/5/23.[3] This Court discharged the show-cause order on May 12, 2023.

Because the September 28, 2020 order granting Appellee's motion for judgment on the pleadings did not dispose of all claims and all parties, it was not a final appealable order. **See Dahl v. AmeriQuest Mortg. Co.**, 954 A.2d 588, 592 (Pa. Super. 2008). It was not until the arbitration order involving Roman and Hendricks and final judgment was entered on May 5, 2023, that the underlying order granting judgment on the pleadings in favor of Appellee became final and appealable. **See Dahl**, 954 A.2d at 592 (holding that an appeal was proper after the entry of judgment on the arbitration award); **Seay v. Prudential Prop. & Cas. Ins. Co.**, 543 A.2d 1166, 1168 (Pa. Super. 1988); **see also Burkey v. CCX, Inc.**, 106 A.3d 736, 738 (Pa. Super. 2014) (noting that "interlocutory orders dismissing various parties piecemeal" are not appealable until the matter concluded as to final remaining party).

We conclude that the May 5, 2023 order, which confirmed judgment on the arbitration award, made final and appealable the prior order granting judgment on the pleadings in favor of Appellee. **See Dahl**, 954 A.2d at 592. On this record, we deem Appellant's premature March 7, 2023 appeal as

_____

[3] The record reflects that after the arbitration agreement and order were filed on May 5, 2023, Appellant stipulated that Hendricks and Jose Roman were dismissed from the case, and the trial court approved the stipulation. Stipulation, 5/5/23; Trial Ct. Order, 5/8/23.

timely filed, and we conclude that jurisdiction is properly before this Court.[4]

***See id.; see also Gruca v. Clearbrook Cmty. Servs. Ass'n, Inc.***, 286 A.3d

1273, 1277 n.12 (Pa. Super. 2022) (noting that although the notice of appeal

was premature and filed prior to the entry of judgment, the appeal was

deemed timely and related forward to the date judgment was entered);

Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the

announcement of a determination but before the entry of an appealable order

shall be treated as filed after such entry and on the day thereof").[5]

As noted, Appellant contends that the trial court erred in concluding that

his claims against Appellee were barred by the WCA. Appellant's Brief at 7.

Specifically, Appellant argues that "personal animus" exception should apply

---

[4] The trial court opined that Appellant's March 7, 2023 notice of appeal was untimely because Appellant purported to challenge the order entered on the September 28, 2020. ***See*** Trial Ct. Op., 4/3/23, at 3. Accordingly, the trial court did not address the issues raised in Appellant's Pa.R.A.P. 1925(b) statement. ***See id.*** As stated above, we conclude that Appellant's appeal was timely filed, and the absence of a trial court opinion on this issue does not hinder our review.

[5] We note that after the entry of judgment on the arbitration award on May 5, 2023, Appellant filed a second notice of appeal. The trial court again directed Appellant to file a Pa.R.A.P. 1925(b) statement, and the trial court filed a second Rule 1925(a) opinion. ***See*** Notice of Appeal, 5/17/23; Rule 1925(b) Order, 5/17/23. In that Rule 1925(a) opinion, the trial court again concluded that Appellant's appeal was untimely. ***See*** Second Trial Ct. Op., 6/21/23, at 3. Appellant's second appeal was docketed at Superior Court docket 1375 EDA 2023. However, the appeal at 1375 EDA 2023 was dismissed as duplicative of the instant appeal at 744 EDA 2023. ***See*** Order, 1375 EDA 2023, 8/22/23.

and asserts that his injuries are not compensable under the WCA. **See id.** at 8-10.

Appellee responds that the trial court correctly granted judgment on the pleadings. **See** Appellee's Brief at 13. Appellee argues that although Appellant asserted that he was injured when two co-workers assaulted him, Appellant did not plead or demonstrate that the attack was for personal reasons unrelated to employment and that the co-workers possessed a pre-existing personal animosity toward Appellant necessary to satisfy an exception to the exclusivity of the WCA. **See id.** at 8-13.

Our standard of review of the trial court's order granting judgment on the pleadings is *de novo*. **Grabowski v. Carelink Cmty. Support Servs., Inc.**, 230 A.3d 465, 470 (Pa. Super. 2020). Further:

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Erie Ins. Exch. v. Backmeier*, 287 A.3d 931, 935-36 (Pa. Super. 2022) (some formatting altered and some citations omitted), *appeal denied*, 303 A.3d 421 (Pa. 2023).

The WCA "makes an employer liable for paying the disability benefits and medical expenses of an employee who sustains an injury in the course of his or her employment. This liability attaches without regard to the employer's negligence." ***Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)***, 186 A.3d 947, 948 (Pa. 2018) (citing, *inter alia*, 77 P.S. §§ 431 (disability), 531 (medical)). The WCA "generally bars all common law suits against an employer, because the [WCA] is the exclusive remedy for injuries sustained when an individual is acting within the scope of his employment." ***Neidert v. Charlie***, 143 A.3d 384, 388 (Pa. Super. 2016) (citations omitted).

"Accordingly, where an injury is covered by the WCA, workers' compensation is the employee's sole remedy against her employer and the employee may not bring a tort action against [the] employer." ***Grabowski***, 230 A.3d at 471 (citations omitted).

However,

[t]he WCA excludes from its coverage injuries intentionally inflicted by third-parties for personal reasons that are unrelated to the employee's employment. 77 P.S. § 411(1). Section 301(c)(1) of the WCA provides in relevant part:

The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe

> because of reasons personal to him, and not directed against him as an employe or because of his employment[.]
>
> 77 P.S. § 411(1). Where an injury is excluded from workers' compensation coverage by this "personal animus" or "third party attack" exception, the employer is not immune from tort liability for the injury, but is also not liable for workers' compensation benefits. Either an injury is work-related and the employee is entitled only to workers' compensation or it falls within this exception and the employee's sole remedy is a common law action; it cannot be both.
>
> If the employee was acting in the course of her employment when the injury occurred, the injury is presumed to be work-related and the burden is on the party asserting the personal animus/third party attack exception to prove that the exception applies and the injury is therefore not covered by the WCA.

*Grabowski*, 230 A.3d at 471 (some citations omitted and some formatting altered). "If the employee is simply an innocent victim of an attack, the attack will be considered an unexpected happening that arose in the course of employment that is covered by the WCA." *Id.* at 474 (citation and quotation marks omitted).

After review, we discern no error in the trial court granting Appellee's motion for judgment on the pleadings. *See Erie Ins. Exch.*, 287 A.3d at 935-36. In his amended complaint, Appellant asserted that while he was working for Appellee, co-workers Roman and Hendricks physically attacked him, and the attack caused him to sustain physical injuries, emotional injuries, and financial damages. *See* Am. Compl., 5/6/19, at 3-5 (¶¶ 6-23), 5-7 (¶¶ 24-41). Appellant also claimed that Appellee was negligent because Roman and Hendricks allegedly had a propensity for fighting and violence, and Appellee was negligent in permitting Roman and Hendricks to be in Appellant's

vicinity. *See id.* at 7-9 (¶¶ 42-60). However, Appellant did not plead any facts asserting that the attack was motivated by personal animosity that was unrelated to his employment. As such, Appellant failed to satisfy the personal animus exception to the exclusivity of the WCA. *See Grabowski*, 230 A.3d at 475 (holding that the personal animus exception did not apply where the plaintiff failed to allege any motivation for the attack in the pleadings and judgment on the pleadings was proper based on WCA immunity); *see also Scantlin v. Ulrich*, 465 A.2d 19, 21 (Pa. Super. 1983) (affirming judgment on pleadings where the plaintiff asserted an intentional injury caused by co-worker in the complaint but did not state that co-worker's action was taken because of personal animosity toward the plaintiff).

For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm the order granting Appellee's motion for judgment on the pleadings.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/15/2024

- 9 -