J-A25033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARY JOAN GIDOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BENJAMIN E. MANGUS D/B/A | : | |
| MANGUS INSPECTIONS | : | |
| | : | No. 541 WDA 2023 |
| Appellant | : | |

Appeal from the Order Entered September 20, 2022
In the Court of Common Pleas of Crawford County Civil Division at No(s):
605 AD 2019

BEFORE:   BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: JANUARY 8, 2024**

This is an interlocutory appeal by permission from an order of the Court

of Common Pleas of Crawford County (trial court) denying the motion for

judgment on the pleadings filed by Benjamin E. Mangus d/b/a Mangus

Inspections (Defendant) in an action brought against him by Mary Joan Gidor

(Plaintiff).  Because Plaintiff's action is barred by a statute of repose that

applies to all of her claims against Defendant, we reverse.

This action arises out of Plaintiff's 2017 purchase of a property located

at 805 N. Monroe Street, Titusville, Pennsylvania (the Property).  Plaintiff hired

Defendant to conduct a home inspection of Property before she completed the

purchase of the Property.  Amended Complaint ¶¶1, 4-6; Answer and New

_____

[*] Retired Senior Judge assigned to the Superior Court.

Matter ¶6. Defendant inspected the Property and prepared a report of his inspection on June 6, 2017, and the inspection report was delivered to Plaintiff shortly thereafter. Amended Complaint ¶9 & Ex. A; Answer and New Matter ¶¶9, 42; Reply to New Matter ¶42. On July 31, 2017, after the inspection report was delivered to her, Plaintiff, in reliance on the inspection report, purchased the Property. Amended Complaint ¶¶12-13.

Plaintiff filed this action against Defendant on August 21, 2019. In her complaint, Plaintiff alleges that in early 2019, when a plumber came to fix a water pipe that had frozen and burst under the Property's master bedroom, it was discovered that part of the house was constructed without a foundation, over bare ground and supported only by wooden posts, and that the house had vinyl heating ducts not rated for outdoor use that were on bare ground and had been chewed through by animals. Amended Complaint ¶¶14-18. Plaintiff alleged that these defects should have been discovered if Defendant had conducted a reasonable inspection and that Defendant's inspection report failed to disclose these defects. *Id.* ¶¶19, 22-23. Plaintiff asserts three causes of action based on Defendant's failure to disclose the above defects in his inspection report: a claim under the Home Inspection Law, 68 Pa.C.S. § 7501 *et seq.*, a common law claim for breach of contract, and a claim under the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201–1 *et seq*. Amended Complaint ¶¶25-39.

Defendant pled in his answer and new matter to Plaintiff's complaint that Plaintiff's action was filed more than one year after his inspection report was delivered to Plaintiff and that Plaintiff's claims were therefore barred by Section 7512 of the Home Inspection Law, 68 Pa.C.S. § 7512, which requires that any action for damages arising from a home inspection report be brought no more than one year after the home inspection report was delivered. Answer and New Matter ¶¶43, 54-56. Plaintiff in her reply to new matter admitted that the inspection report was delivered to her more than one year before she filed the action. Reply to New Matter ¶¶43, 55-56.

Defendant filed a motion for judgment on the pleadings asserting that all of Plaintiff's claims are barred by Section 7512 of the Home Inspection Law. Plaintiff argued in opposition to Defendant's motion that none of her claims are barred because Section 7512 is a statute of limitations that is tolled by the discovery rule and that even if it is a statute of repose to which the discovery rule does not apply, Section 7512 only applies to her cause of action under the Home Inspection Law. On September 20, 2022, the trial court entered an order denying Defendant's motion for judgment on the pleadings. Trial Court Order, 9/20/22. Defendant timely filed a motion requesting that the trial court amend its September 20, 2022 order to certify the order for interlocutory appeal. The trial court entered an order granting this motion on October 31, 2022. Defendant timely filed a petition for permission to appeal, which this Court granted on May 16, 2023.

Our standard of review of a ruling on a motion for judgment on the pleadings is *de novo*, and our scope of review is plenary. ***Grabowski v. Carelink Community Support Services, Inc.***, 230 A.3d 465, 470 (Pa. Super. 2020). Judgment on the pleadings should be granted where the pleadings and documents admitted in the pleadings establish that there are no disputed issues of fact and that the defendant is entitled to judgment as a matter of law. Pa.R.Civ.P. 1034; ***Grabowski***, 230 A.3d at 470; ***Citicorp North America, Inc. v. Thornton***, 707 A.2d 536, 538 (Pa. Super. 1998).

In this appeal, Defendant argues that it was entitled to judgment on the pleadings because Section 7512 of the Home Inspection Law is a statute of repose not subject to the discovery rule that applies to all of Plaintiff's claims and the pleadings establish that it is undisputed that Plaintiff's action was filed more than one year after the inspection report was delivered. We agree.

Section 7512 of the Home Inspection Law provides:

> An action to recover damages arising from a home inspection report must be commenced within one year after the date the report is delivered.

68 Pa.C.S. § 7512. This statute is a statute of repose that bars actions filed more than one year after the delivery of the inspection report and is not subject to the discovery rule. ***Tibbitt v. Eagle Home Inspections, LLC***, ___ A.3d ___, ___, 2023 PA Super 219, slip op. at 6-7 & n.3 (Pa. Super. filed October 30, 2023). Moreover, this one-year statute of repose applies to all causes of action seeking damages based on an allegedly faulty inspection report,

- 4 -

including common law causes of action and claims under the UTPCPL. *Id.* at

___, slip op. at 2-3, 8.

The pleadings in this action established that there is no dispute that Plaintiff's action was filed more than one year after Defendant's home inspection report was delivered. Answer and New Matter ¶¶43, 55-56; Reply to New Matter ¶¶43, 55-56. Under *Tibbitt*, the discovery rule does not apply and Section 7512's statute of repose applies both to causes of action under the Home Inspection Law and to common law and UTPCPL causes of action arising from a home inspection report. ___ A.3d at ___, slip op. at 2-3, 6-8 & n.3. All of Plaintiff's claims in this action arise out of Defendant's inspection report. Amended Complaint ¶¶22-39. Plaintiff's action is therefore time-barred in its entirety by Section 7512. *Tibbitt*, ___ A.3d at ___, slip op. at 7-8. Indeed, this case is indistinguishable from *Tibbitt*.[1]

_____

[1] Plaintiff argues that Section 7512 must be construed as a statute of limitations subject to the discovery rule because construing it as a statute of repose would raise issues as to whether it is constitutional under the Remedies Clause of the Pennsylvania Constitution, Pa. Const. Art. I, § 11. Appellee's Brief at 18-22. That does not make this case distinguishable from *Tibbitt*. While this Court did not rule in *Tibbitt* on whether Section 7512 is unconstitutional under the Remedies Clause because it found the issue waived, *Tibbitt*, ___ A.3d at ___, slip op. at 8, Plaintiff's argument is not a challenge to the constitutionality of Section 7512. Rather, it is an argument in favor of construing Section 7512 as a statute of limitations, which we cannot consider because we are bound by *Tibbitt*'s holding that Section 7512 is a statute of repose and not a statute of limitations. Moreover, if Plaintiff were asserting a constitutional challenge to Section 7512, it would be waived just as it was in *Tibbitt* because there is nothing in the record showing that Plaintiff notified the Attorney General of Pennsylvania that she is challenging the
*(Footnote Continued Next Page)*

Because all of the causes of action asserted by Plaintiff in her complaint are barred by Section 7512's one-year statute of repose, the trial court erred in denying Defendant's motion for judgment on the pleadings. Accordingly, we reverse the trial court's order and remand this case with instructions to enter judgment in Defendant's favor.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>1/8/2024</u>

---

constitutionality of Section 7512. Pa.R.A.P. 521(a); **Tibbitt**, ___ A.3d at ___, slip op. at 8; **Hill v. Divecchio**, 625 A.2d 642, 648 (Pa. Super. 1993).